## Powell, et al., Exrs., v. Forcey, Admrx., Appellant.

*Contracts—Performance—Failure of consideration.*

Upon the trial of an issue to determine whether there was a failure of consideration for a judgment note given by a son to his father, both deceased, it appeared that the note was given to secure the purchase money for property to be conveyed by the father to the son; that no conveyance was made in the lifetime of the father, but that he devised the property by will to the son, who remained in possession thereof until his death two years later; and that during that time he did not question the judgment which had been entered against him by the executors of his father's estate. *Held,* the lower court was correct in directing a verdict for the plaintiffs in the issue, the executors of the father's estate.

Argued April 23, 1913. Appeal, No. 132, Jan. T., 1913, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1906, No. 365, on verdict for plaintiffs in case of H. B. Powell and H. L. Forcey, Executors of Thomas H. Forcey, v. Georgiana Forcey, Administratrix of E. B. Forcey, deceased. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue to determine validity of a judgment note. Before SMITH, P. J.

A rule to open judgment and let the defendant into a defense was made absolute and at the trial the jury found a verdict for the plaintiff for $11,063.38, by direction of the court. Judgment was entered on the verdict.

The opinion of the Supreme Court states the facts.

Defendant appealed.

*Error assigned* was in directing a verdict for the plaintiff, and in refusing to direct a verdict for the defendant.

*A. L. Cole,* with him *A. H. Woodward* and *John C. Arnold,* for appellant.

*W. C. Miller,* for appellees.

PER CURIAM, May 19, 1913:

The issue in this case was awarded to determine whether there was a failure of consideration for the judgment note given by E. B. Forcey, deceased, to his father, Thomas H. Forcey, also deceased. It was given to secure the payment of purchase money for a property to be conveyed by the father to the son. The former died without making the conveyance, but devised the property to the son, who was in the possession and enjoyment of it from the time of the agreement to convey it to him until his own death. Though he survived his father for three years, he never questioned the judgment which had been entered against him by the appellees. He manifestly regarded the devise by his father as a carrying out of the agreement that he should have title to the property for which he paid by his judgment note, now assailed by his administratrix. Under the undisputed facts in the case, the plaintiffs were entitled to the verdict directed in their favor, and the judgment upon it is affirmed.